UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASHLEY BRICKHOUSE**, | |
| Plaintiff, | |
| v. | Case No. 20-cv-1197 (CRC) |
| **HOWARD UNIVERSITY**, | |
| Defendant. | |

## MEMORANDUM OPINION

Former Howard University dental student Ashley Brickhouse sued the school for disability discrimination after it expelled her for poor grades and denied her request for readmission. Ms. Brickhouse alleges that her academic struggles stemmed from the effects of post-traumatic stress disorder, which she says Howard failed to accommodate. She brings claims under the federal Americans with Disabilities Act ("ADA") and Rehabilitation Act of 1973, as well as the District of Columbia Human Rights Act ("DCHRA").

Howard has moved to dismiss Brickhouse's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that her claims are barred by the applicable statutes of limitation. The Court must grant a 12(b)(6) motion raising a statute of limitations defense "if the complaint on its face is conclusively time-barred." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1985). That standard is met here.

Brickhouse's complaint asserts that she was dismissed from Howard's dental school in May 2017 and that she was denied readmission at the conclusion of a probationary period in September 2018. Compl. at ¶¶24, 26, 54. She filed this action some twenty months later, in May 2020. Brickhouse concedes that her DCHRA claim is barred by that statute's explicit one-

year statute of limitation.  Pl.'s Opp. at 6; see also D.C. Code § 2-1403.16 (providing a one-year statute of limitations for DCHRA claims).  The only remaining question, then, is what limitations period applies to her federal claims.

Neither the ADA nor the Rehabilitation Act contains a specific limitations period.  See Alexander v. Washington Metro. Area Transit Auth., 826 F.3d 544, 551 (D.C. Cir. 2016).  When federal statutes are silent as to the applicable statute of limitations, "courts generally 'borrow one from an analogous state cause of action.'"  Id. (quoting Spiegler v. District of Columbia, 866 F.2d 461, 463–64 (D.C. Cir. 1989).  Howard contends that the DCHRA, with its one-year limitations period, offers the most similar cause of action here.  Def.'s Mot. to Dismiss at 12.  (After all, Brickhouse herself brings a DCHRA claim based on the same alleged conduct that supports her federal claims).  Brickhouse nonetheless urges the Court to apply the three-year statute of limitations that governs personal injury claims brought under D.C. law.  Pl.'s Opp. at 6–9.

The D.C. Court of Appeals confronted this very disagreement in Jaiyeola v. District of Columbia, 40 A.3d 356, 367–68 (D.C. 2012).  It held that the DCHRA provided the most analogous D.C. cause of action and applied its one-year limitations period to the plaintiff's disability discrimination claim under the Rehabilitation Act.  Id.  While Jaiyeola is not binding on a federal court interpreting federal statutes, its reasoning is persuasive.  This Court explained why in a prior case:

> [The] D.C. Human Rights Act and the Rehabilitation Acts have a "shared purpose and ambitious aims"—both seek to end discrimination against individuals with disabilities.  [Jaiyeola,] 40 A.3d at 367.  To achieve that goal, "both statutes create private causes of action for disabilities who have been victimized by disability discrimination" and both allow for a similar set of remedies including compensatory damages and equitable relief.  Id.  And "both statutes employ substantially the same definition of the term 'disability.'"  Id.  The only real substantive difference between the two goes to the scope of their coverage: the

> D.C. Human Rights Act prohibits discrimination on additional bases such as gender and race and "applies broadly to proscribe discrimination in employment, membership in labor unions, housing and real estate transactions, public accommodations, and education institutions." The Rehabilitation Act, on the other hand, focuses solely on discrimination against individuals with disabilities by programs or activities receiving federal funds. Id. at 365. But these differences of scope do not override the similarities at the core of the two statutes.
>
> The D.C. Human Rights Act thus provides a more analogous cause of action to the Rehabilitation Act than the general personal injury statute. D.C. personal injury claims cover a much wider swath of injuries, often including conduct that involves no discrimination whatsoever, whereas the D.C. Human Rights Act is targeted to discrimination specifically. See id. at 367–68. Given the similarity of purpose, rights, and remedies, the D.C. Human Rights Act is a better fit for the Rehabilitation Act. See Wolsky v. Medical College of Hampton Roads, 1 F.3d 222, 224 (4th Cir. 1993) (applying statute of limitations in Virginia Rights of Persons with Disabilities Act to Rehabilitation Act claims).
>
> Finally, the decision here to apply the one-year statute of limitations is also consistent with the deference owed to the D.C. Court of Appeals on matters of D.C. law. Cf. Williams v. Martinez, 586 F.3d 995, 1001 (D.C. Cir. 2009) ("[O]n questions of District of Columbia law this court defers to the D.C. Court of Appeals."). Of course, which statute of limitations to apply to Rehabilitation Act claims is a question of federal, not D.C., law and the decision in Jaiyeola is not binding on this Court. But the determination as to which D.C. cause of action is most akin to the Rehabilitation Act turns on an interpretation of D.C. law. The Court therefore accords considerable persuasive weight to the conclusion of the D.C. Court of Appeals, as the final authority on D.C. law, that the D.C. Human Rights Act is the more analogous cause of action.

Congress v. District of Columbia, 324 F. Supp. 3d 164, 172–73 (D.D.C. 2018) (Cooper, J.).

Numerous courts in this district have likewise adopted Jaiyeola's reasoning in finding that discrimination claims under the Rehabilitation Act and the ADA must be brought within one year after they accrue. See, e.g., Pappas v. District of Columbia, No. CV 19-2800, 2021 WL 106468, at *6 (D.D.C. Jan. 12, 2021) (relying on Jaiyeola in analyzing the plaintiff's Rehabilitation Act claim under the one-year DCHRA limitations period); Arthur v. D.C. Hous. Auth., No. 18-cv-2037, 2020 U.S. Dist. LEXIS 64011, at *17–18 (D.D.C. Apr. 11, 2020) (concluding that "[t]he DCHRA is the most closely analogous state statute to the [disability discrimination] provisions of the ADA or Rehabilitation Act at issue here, so its one-year statute

3

of limitations applies to those statutes as well"); Brown v. District of Columbia, No. 16-0947, 2019 U.S. Dist. LEXIS 156093, at *17 (D.D.C. Sept. 12, 2019) (finding that the DCHRA "is the local law most comparable to the ADA and Rehabilitation Act," and in turn applying its one-year statute of limitations).

Brickhouse nonetheless suggests that relevant authority is split on the issue, citing several cases from this district that applied the three-year limitations period for D.C. personal injury claims to federal disability discrimination actions. See Pl.'s Opp. at 7–9. However, all but one of those cases were decided prior to Jaiyeola. And the one case decided since relied exclusively on a single pre-Jaiyeola case without mentioning subsequent authority or analyzing the question in any detail. See Jackson v. Off. of the Mayor of D.C., No. 1:16-cv-02049, 2019 WL 5579724, at *4 (D.D.C. Oct. 29, 2019) (citing Di Lella v. Univ. of D.C., 570 F. Supp. 2d 1, 7–8 n.9 (D.D.C. 2008)).[1] Post-Jaiyeola district court authority is therefore virtually uniform: the DCHRA's one-year limitations period applies to disability discrimination claims under the Rehabilitation Act and the ADA.

Brickhouse also attempts to distinguish her case, which alleges the denial of educational opportunities, from disability discrimination claims arising in the employment context. Pl.'s Opp. at 6–7. This, too, misses the mark. First, Jaiyeola drew no such distinction, holding that the DCHRA provided an analogous cause of action to Rehabilitation Act claims generally, without regard to the setting in which they arise. See 40 A.3d at 367–68 (noting without

---

[1] Brickhouse misconstrues this Court's opinion in Stafford v. George Washington University, No. 1:18-cv-2789, 2019 WL 2373332, at *8 (D.D.C. June 5, 2019) (Cooper, J.). While the Court applied the three-year personal injury limitations period to the plaintiff's discrimination claim under Title VI of the Civil Rights Act of 1964 (which, like the ADA and Rehabilitation Act, does not have an explicit limitations period), it did so only because the defendant in that case did not raise a statute of limitations defense. See id. The Court thus had no occasion to hold which limitations period was appropriate.

limitation that the DCHRA "targets virtually all forms of disability discrimination . . . and has a statute of limitations intended specifically for claims of discrimination."). Second, the post-Jaiyeola cases from this district cited above include claims arising outside the employment context. See Brown, 2019 U.S. Dist. LEXIS 156093, at *17; Arthur, 2020 U.S. Dist. LEXIS 64011, at *17–18.

Applying the DCHRA's one-year limitations period, it is obvious that "the complaint on its face is conclusively time barred." Firestone, 76 F.3d at 1209. The latest event that Brickhouse alleges constituted discrimination on the part of the University—the September 2018 denial of her readmission request—occurred well over a year before she filed her complaint in May 2020.[2] See Compl. at ¶54.

The Court will, accordingly, grant Howard's motion to dismiss the complaint as barred by the applicable statute of limitations.[3] A separate Order will follow.

CHRISTOPHER R. COOPER
United States District Judge

Date:  February 11, 2021

---

[2] Howard argues that Brickhouse's claims accrued for statute of limitations purposes when she was initially dismissed from the dental school in May 2017. See Def.'s Reply at 6–7. The Court need not decide this issue because the claims are time-barred even if they accrued in September 2018 as Brickhouse maintains.

[3] Howard also moves to dismiss the complaint for failure state a claim for which relief can be granted. See Def.'s Mot. to Dismiss at 17–26. Because the Court will dismiss the case on statute of limitations grounds, it need not reach Howard's argument on this point either.